## NEW YORK COMMON PLEAS.

CHARLES KONEY, plaintiff and respondent, agt. WARREN WARD, defendant and appellant.

The owner of a *vicious animal*, knowing it to be vicious, is liable in damages for the injuries committed by it through such vice.

Where the defendant's horse was accustomed to bite, and by reason thereof the defendant kept him muzzled; and while the horse was temporarily unmuzzled, standing on the sidewalk in front of defendant's premises, the plaintiff in passing around the horse was bitten upon the shoulder by him : *held*, that the defendant was liable in damages ; although the plaintiff also knew that the horse was vicious, but did not discover, when passing around him that his muzzle was off.

*General Term, December,* 1867.

*Before Presiding Judge* DALY, *and Judges* BRADY *and* VAN VORST.

THE defendant in this action owned a horse which was accustomed to bite. He knew of the vicious propensity of the animal, and to guard against it usually kept him muzzled. One day in October, 1866, the horse was standing on the sidewalk in Twelfth street before defendant's wagon, which was backed up to defendant's lumber yard. The horse was not muzzled at the time. He had been fed a short time before, and the muzzle had been removed to feed and water him, after which the horse was led, by the person who had him in charge, to the wagon and hitched to it. The defendant's servant was then about to go to the stable for the muzzle to put on the horse ; at this time the plaintiff returning from his dinner, came along the sidewalk and stepped from the walk into the street to pass the horse, but as he was in the act of stepping back near the horse's head, he was caught and bitten in the shoulder by the animal. The plaintiff had known the horse for two or three years, and knew that he was accustomed to bite. The defendant's servant saw plaintiff approaching and called out to him by way of warning. Plaintiff did not hear the call until he was at

the horse's head, and as he turned towards the person call-
ing, he was bitten. Plaintiff knew that the defendant kept
his horse muzzled, but did not notice that the muzzle was off
until he was seized and bitten. The plaintiff says when he
was bitten the defendant's servant was engaged in loading
the wagon. The plaintiff was laid up and prevented from
working for two weeks, from this injury, and incurred med-
ical expenses incident to his cure. To recover damages for
the injury, plaintiff brought an action in the third judicial
district court of the city of New York. The justice rendered
a judgment in favor of the plaintiff for $50 damages, besides
costs, from which judgment this appeal was taken to the
general term of this court.

JOHN E. PARSONS, *for appellant.*
W. C. CARPENTER, *for respondent.*

*By the court,* VAN VORST, J.   A person who keeps a
domestic animal which has, to his knowledge, a vicious pro-
pensity is liable in damages for the injuries committed by it
in the indulgence of its evil disposition.   The action rests
upon the negligence of the owner in keeping an animal
which is so likely to prove injurious and hurtful.   The
*scienter* is the gist of the action.   In *Cogswell* agt. *Baldwin*
(15 *Vermont R.* 404), it was decided, that the owner of "a
cow accustomed to hook—the vicious propensity being
known to the owner—is liable for damages done by her,
although it be done in the highway, against the land of the
owner, and while going to her usual watering place." In
that case, the owner of the cow knowing her propensities,
had caused buttons to be put on her horns as a preventative.
But the cow hooked the plaintiff's horse, in the road, so that
of the wound made he died, and the plaintiff had a verdict.
In the case before this court it appears that the defendant
knew that his horse had the habit of biting, and to guard
against it, he kept him muzzled.   At the time the injury

was sustained by the plaintiff, the horse was standing on the sidewalk unmuzzled. This was negligence. The horse should not have been allowed to stand in that condition in the public street any length of time. He should have been immediately muzzled after being fed and watered, and before he was hitched to the wagon. But it is claimed that the plaintiff himself was negligent, and therefore should not be allowed to recover. It is an unyeilding rule that a plaintiff prosecuting for the negligence of another, should himself be without any misconduct or fault, and should have used ordinary care. An action cannot be maintained when an injury has resulted from the negligence of both parties. It is the duty of every person to take care of his own safety. (*Fox* agt. *The Town of Glastenbury*, 29 *Conn.* 204.) And in the case of *Coggswell* agt. *Baldwin*, above cited, it was held, that if the injury to plaintiff's horse was occasioned by his own negligence, the plaintiff would not be entitled to recover. But I see nothing in this case which should charge the plaintiff with any want of ordinary care, or implicate him in any negligence. Plaintiff was where he had a right to be, passing on the side walk. It is true he knew the vicious propensity of the horse, but he also knew that defendant kept him muzzled. He came suddenly on the animal, and instantly turned from the walk to pass him. He had a right to presume that the horse standing there was muzzled. In fact he did not see the horse until he came up to him and was bitten in the act of passing. He was in no attitude to the animal from which any negligence could be imputed to him. He did not court the danger or rashly expose himself to injury. In *Smith* agt. *Pelah* (2 *Strange*, 1264), the chief justice ruled, "that if a dog has once bitten a man, and the owner having notice thereof, keeps the dog, and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happened by such person treading on the dog's toe.

Judgment affirmed.